UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.** **CASE NO: 6:24-cr-261-CEM-LHP**

**ALAN FILION**

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S APPLICATION FOR LEAVE TO FILE LATE NOTICE OF APPEAL (Doc. No. 51)** |
| **FILED:** | **July 7, 2025** |

**THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

Defendant pleaded guilty to four counts of Interstate Transmission of Threats to Injure, in violation of 18 U.S.C. § 875(c). Doc. Nos. 19-20. On February 11, 2025, the Court sentenced Defendant to a term of 48 months imprisonment, followed by a three-year term of supervised release, and a $400.00 special assessment. Doc. No. 40. Judgment was entered accordingly the same day. Doc. No. 44. On April 4, 2025, the Court issued an amended judgment, to reflect that no restitution was ordered. Doc. No. 49.

Defendant did not file a notice of appeal as to either the original or amended judgment. Instead, on July 7, 2025, Defendant, now proceeding *pro se*, filed the

present motion, in which he requests leave to file a late notice of appeal, a copy of which is attached to the motion. Doc. No. 51; *see also* Doc. No. 51-1. Defendant states in the motion that he prepared a handwritten notice of appeal on or about February 14, 2025, but did not realize that the notice of appeal was never filed with the Court until sometime after June 6, 2025, when he notified the Court of his change of address. *Id.*, at 1-2. Defendant further represents that he was transferred to three different correctional facilities between April 18, 2025 and May 5, 2025. *Id.* Defendant does not explain, however, why he did not verify whether his notice of appeal had been properly filed between February 14, 2025 and April 18, 2025.

Federal Rule of Appellate Procedure 4(b)(1) provides that a party may appeal a judgment or order in a criminal case within 14 days of entry of the judgment or order. Fed. R. App. P. 4(b)(1). With the amended judgment filed on April 4, 2025 (Doc. No. 49), Defendant's time to appeal expired on or about April 18, 2025. A Court may extend this deadline for an additional 30 days, but only upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). If this additional 30-day period is added on to Defendant's appeal deadline, the time for Defendant to file a notice of appeal expired on or about May 19, 2025.[1] However, Defendant's motion is dated June 30, 2025, and was not filed with the Court until July 7, 2025, well after all applicable deadlines had expired. And there are no orders on the

[1] May 18, 2025 was a Sunday, therefore the next business day became the deadline. *See* Fed. R. App. P. 26(a)(1)(C).

docket – nor any identified by Defendant – that would further toll the appeal filing deadline. *See* Fed. R. App. P. 4(b)(3).

Accordingly, even if the Court were to find that Defendant's statements constituted good cause or excusable neglect – a finding the Court is not making – Defendants notice of appeal would still be untimely. *See United States v. Colon*, No. 24-13208, 2025 WL 763672, at *1 (11th Cir. Mar. 11, 2025); *United States v. Fawcett*, 522 F. App'x 644, 650-51 (11th Cir. 2013).[2] As such, Defendant's motion to late file a notice of appeal (Doc. No. 51) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).