**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                                          **CASE NO: 6:24-cr-261-CEM-LHP**

**ALAN FILION**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERS ON APPEAL (Doc. No. 55)**
>
> **FILED:**     August 12, 2025
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion is **DENIED.**

**I.    BACKGROUND**

Defendant pleaded guilty to four counts of Interstate Transmission of Threats to Injure, in violation of 18 U.S.C. § 875(c). Doc. Nos. 19-20. On February 11, 2025, the Court sentenced Defendant to a term of 48 months imprisonment, followed by a three-year term of supervised release, and a $400.00 special assessment. Doc. No. 40. Judgment was entered accordingly the same day. Doc. No. 44. On April 4, 2025,

the Court issued an amended judgment, to reflect that no restitution was ordered. Doc. No. 49.

Defendant did not file a notice of appeal as to either the original or amended judgment. Instead, on July 7, 2025, Defendant, now proceeding *pro se*, filed a motion seeking leave to extend the deadline to file his appeal. Doc. No. 51. On July 14, 2025, the undersigned denied the motion without prejudice because the request for an extension of the appeal deadline was itself untimely, thus the Court was unable to grant Defendant's request. Doc. No. 52. *See also* Fed R. App. P. 4(b)(1), (3), (4); *United States v. Colon*, No. 24-13208, 2025 WL 763672, at *1 (11th Cir. Mar. 11, 2025); *United States v. Fawcett*, 522 F. App'x 644, 650-51 (11th Cir. 2013).[1]

On July 30, 2025, Defendant filed a notice of appeal to the Eleventh Circuit Court of Appeals, in which he seeks to appeal the undersigned's July 14, 2025 Order. Doc. No. 53. On August 12, 2025, Defendant filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," which the undersigned construes as a motion to proceed *in forma pauperis* on appeal. Doc. No. 55. The motion has been referred to the undersigned, and upon review, the undersigned will respectfully recommend that the motion (Doc. No. 55) be denied.

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

## II. ANALYSIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). However, a party's ability to file an appeal without paying court fees is limited by the statutory provision that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3).

"Good faith is demonstrated where an appeal 'seeks appellate review of any issue not frivolous.'" *Schmitt v. U.S. Office of Pers. Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). A frivolous case is one "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citation omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.* (internal quotations and citations omitted); *see also Bell v. HCR Manor Care Facility of Winter Park*, No. 6:10-cv-523-Orl-22KRS, 2010 WL

4096849, at *2 (M. D. Fla. Aug. 24, 2010). In other words, "[a] lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Cooley v. Ocwen Loan Svc.*, LLC, 729 F. App'x 677, 680-81 (11th Cir. 2018) (quoting *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Upon consideration of Defendant's original motion for an extension of time to appeal, the undersigned's order, and Defendant's notice of appeal and request for leave to appeal *in forma pauperis*, the undersigned finds that Defendant's appeal is not taken in good faith. Therefore, he should not be afforded leave to proceed *in forma pauperis* on appeal. Defendant seeks to appeal the undersigned's July 14, 2025 Order directly to the Eleventh Circuit Court of Appeals. Doc. No. 53. However, the Court of Appeals does not have jurisdiction to directly review a magistrate judge's order, rather any direct appeal of that order must first be taken to the District Court. *See* 28 U.S.C. §§ 636(b)(1)(A) & 1291; *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066–67 (11th Cir. 1982) (explaining that magistrate judge orders issued pursuant to 28 U.S.C. § 636(b) are not final and may not be appealed until rendered final by a district court); *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (noting that appellate courts are without jurisdiction to hear appeals directly from magistrate judges).

Because Defendant did not first seek review of the undersigned's July 14, 2025 Order by the Presiding District Judge, the undersigned's Order is not final and

appealable and the Court of Appeals lacks jurisdiction to hear Defendant's appeal. As such, the undersigned finds that Defendant's realistic chances of ultimate success are slight, and therefore, his appeal is frivolous and not taken in good faith. *See United States v. McLoyd*, 567 F. App'x 899, 901 (11th Cir. 2014) (*sua sponte* dismissing for lack of jurisdiction criminal defendant's appeal seeking review of a magistrate judge's order where the defendant did not first seek review of the order before the district judge); *United States v. Schultz*, 565 F.3d 1353, 1359–62 (11th Cir.2009) (same).

## III.   RECOMMENDATION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Court certify that Defendant Alan Filion's appeal (Doc. No. 53) is not taken in good faith, and **DENY** his motion for leave to appeal *in forma pauperis* (Doc. No. 55).

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

    Recommended in Orlando, Florida on August 26, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party